UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERICK LLOYD FREEMAN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>Defendant. | No. 2:16-cv-01988 AC<br><br><br><br>ORDER |

Petitioner seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1382f.[2]

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on March 22, 2018). She is therefore substituted as the defendant in this action. See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 et seq., is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

For the reasons that follow, petitioner's motion for summary judgment will be granted, and defendant's cross-motion for summary judgment will be denied. The matter will be reversed and remanded to the Commissioner for an immediate award of benefits.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits and for supplemental security income on January 10, 2013. Administrative Record ("AR") 19.[3] The disability onset date for both applications was alleged to be November 4, 2008. AR 19. The applications were disapproved initially and on reconsideration. Id. On September 9, 2014, Administrative Law Judge ("ALJ") Carol A. Eckerson presided over the hearing on plaintiff's challenge to the disapprovals.[4] AR 37 – 90 (transcript). Plaintiff, who was present and testified at the hearing, was represented by attorney Jeffrey L. Milam. AR 19. Bonnie Drumwright, a Vocational Expert ("VE"), also testified at the hearing. Id.

On January 23, 2015, the ALJ found plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 19-32 (decision), 33-36 (exhibit list). On June 16, 2016, after receiving a representative brief by attorney Jeffrey Milam as an additional exhibit, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-4 (decision and additional exhibit list).

Plaintiff filed this action on August 20, 2016. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 6, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 14 (plaintiff's summary judgment motion), 20 (Commissioner's summary judgment motion), 21 (plaintiff's reply).

---

[3] The AR is electronically filed at ECF Nos. 11-3 to 11-13 (AR 1 to AR 643).

[4] At that time, plaintiff through his attorney, withdrew his application for disability insurance benefits and amended his alleged onset date of disability to February 29, 2013. AR 19. The ALJ dismissed plaintiff's application for disability insurance benefits. AR 19, 31. Accordingly, the undersigned will only address the denial of plaintiff's SSI application.

2

## II. FACTUAL BACKGROUND

Plaintiff was born on May 29, 1963, and accordingly was 49 years old when he filed his application. AR 30. Plaintiff has a limited education and can communicate in English. AR 30.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th

Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Commissioner, 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a. Plaintiff is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment....'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 416.920(a)(4)(iii), (d).

////

////

4

| | |
|---|---|
| 1 | Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. |
| 2 | |

Id. §§ 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 416.9200(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since February 29, 2013, the amended onset date (20 CFR 416.971 *et seq.*).
>
> 2. [Step 2] The claimant has the following severe impairments: degenerative disc disease, Hepatitis C, obesity, depression and anxiety (20 CFR 416.920(c)).
>
> 3. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Preparation for Step 4] After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the individual is limited to frequent climbing of ramps or stairs. The individual is limited to occasional climbing of ladders, ropes, or scaffolds, and can occasionally kneel. The individual can frequently perform balancing, stooping, crouching or crawling. The individual should avoid concentrated exposure to workplace hazards. The individual is further limited to simple, repetitive tasks in a non-public setting with occasional interaction with co-workers and supervisors.
>
> 5. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. [Step 5] The claimant was born on May 29, 1963 and was 49 years old, which is defined as a younger individual age 18-49, on the amended disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 416.963).

7. [Step 5, continued] The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant could have performed (20 CFR 416.969, and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, from February 29, 2013, through the date of this decision (20 CFR 416.920(g)).

AR 21-31.

As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 32.

## VI. ANALYSIS

Plaintiff raises the following issues: (1) whether the ALJ's mental and physical "residual functional capacity finding is based on insubstantial evidence and legal error;" (2) "whether the ALJ failed to give legally adequate reasons for rejecting Dr. Canty's opinion" and "LCSW Estes' opinion;" and (3) "whether the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony." ECF No. 14 at 10. Plaintiff requests that the opinions of Dr. Canty and LCWS Estes be credited as true, and that plaintiff be awarded benefits because the "the record is complete." ECF No. 14 at 17. Because the court agrees that reversal is appropriate on grounds that the ALJ erroneously evaluated the opinions of Dr. Canty and Ms. Estes relating to plaintiff's mental impairments, only this argument is addressed here.

////

////

6

A. The Medical Evidence Before the ALJ

The Ninth Circuit distinguishes "among the opinions of three types of physicians: (1) those who treat the claimant (treating physician); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996). Accordingly, "the opinion of a treating physician must be given more weight than the opinion of an examining physician, and the opinion of an examining physician must be afforded more weight than the opinion of a reviewing physician." Ghanim v. Colvin, 763 F.3d 1154, 1160 (9th Cir. 2014) (citing Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(c)). The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating or examining physician. Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990). Even if contradicted by another doctor, the opinion of a treating or examining doctor may only be rejected for "specific, legitimate reasons based on substantial evidence." Andrew v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). In general, "conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation omitted).

In this case, the ALJ considered the opinions of four mental health professionals. The state agency consultants opined, in relevant part, that plaintiff's mental conditions "moderately limited" him in different areas but were "not severe enough to keep [him] from working." AR 103-104, 139-140, 143. These opinions were accorded "some weight" and are not at issue here. AR 29. Dr. Canty, an examining physician, found plaintiff's mental impairments to be more severe. This opinion was given "some weight." AR 29. Tracie J. Estes ("Ms. Estes"), a licensed clinical social worker ("LCSW") who also examined plaintiff, diagnosed him with "major depression, recurrent" and "generalized anxiety disorder" based on plaintiff's self-reporting. AR 588. Ms. Estes' opinion was given "minimal weight." AR 29.

////

1. Opinion of Dr. Canty, Examining Physician

The question before the court is whether the ALJ provided specific and legitimate reasons for discounting the opinion of Dr. Canty. The undersigned finds the ALJ did not do so here.

Timothy Canty, M.D., performed a psychiatric evaluation on May 2, 2013. AR 523-526. Dr. Canty noted that plaintiff was "fairly groomed," "walked with a cane," "constantly grimaced in pain and while chronically irritable, he was not unfriendly." AR 524. Plaintiff described "his typical mood as, 'just mad,'" and Dr. Canty observed that "during the interview [plaintiff's] mood and affect were labile." AR 524. In the "Discussion and Prognosis" section of his report, Dr. Canty opined that plaintiff's "presentation was consistent with chronic pain induced irritability," that plaintiff's "emotion state was labile" and "although [plaintiff] was quite irritable during the interview he did not present as someone who was unfriendly or disrespectful." AR 526. Dr. Canty further opined that plaintiff seemed "genuine in his pain complaints." AR 526.

In his "Functional Assessment & Medical Source Statement," Dr. Canty opined, in relevant part, that:

> From an emotional standpoint I suspect [plaintiff] would have difficulty maintaining himself in a workplace. Due to chronic pain I don't think his irritability would allow productivity. His irritability would significantly interfere with his ability to conduct himself professionally with coworkers and supervisors for more than a few minutes at a time. I suspect he could literally attend work, but once there I don't think he could manage work for a full day.

AR 526.

Dr. Canty diagnosed plaintiff with "Pain disorder with physical and psychological factors Alcohol and Cocaine dependence in long-term remission per claimant," "severe-chronically

////
////
////
////
////
////

8

homeless," and a GAF score[5] of 50/55. AR 526. The ALJ gave Dr. Canty's opinion "some weight." AR 29.

The ALJ gave the following reason for according Dr. Canty limited weight: "[T]he examiner's opinions and GAF score, potentially indicating serious limitations in mental functioning, is inconsistent with his examination and the evidence that the claimant had no significant mental status findings despite lack of treatment or psychotropic medication." AR 29.

The ALJ erred in failing to specify the inconsistencies she identified between Dr. Canty's opinions and his examination. See Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988) (in rejecting a medical opinion as unsupported or inconsistent with the treatment notes, the "ALJ must do more than offer his conclusions.") Although the Commissioner argues that Dr. Canty's "conclusion that Plaintiff's pain and irritability would not allow productivity, or not allow him to conduct himself professionally" is inconsistent with his observations of plaintiff's "cooperative," "not unfriendly," and not "unprofessionalism" demeanor during the examination, these reasons were not identified by the ALJ. ECF No. 20 at 7-8; see Hassen v. Comm'r, 421 F. App'x 738, 739 (9th Cir. 2011) (post-hoc rationalizations do not provide a basis for the court to uphold the ALJ's decision.)

To the extent the ALJ rejected Dr. Canty's opinion due to plaintiff's "lack of treatment or psychotropic medication," this misstates the medical record. There is substantial evidence in the record of plaintiff seeking treatment for his depression and receiving psychiatric medication for his anxiety in the form of hydroxyzine. See AR 533, 619, 636 (records indicate presented with symptoms of worsening depression or found positive for depression); 576, 612, 616, 620, 624, 627, 630, 633, 637 (prescribed hydroxyzine for generalized anxiety disorder). Moreover,

---

[5] The Ninth Circuit has defined a GAF score as a "rough estimate" of an individual's psychological, social and occupational functioning, used to reflect the individual's need for treatment. Garrison, 759 F.3d at 1003 n.4 (quoting Vargas v. Lambert, 159 F.3d 1161, 1164 (9th Cir. 1998)). A GAF score of 41-50 describes "serious symptoms" or "any serious impairment in social, occupational or social functioning," while scores of 51-60 describe "moderate symptoms." Id. Because GAF scores "are typically assessed in controlled, clinical sets that may differ from work environments in important respects," they are not determinative of disability. However, they are "a useful measurement" of functioning. Id.

plaintiff's chronic homelessness and inconsistent access to medical care undermine any adverse inferences from a history of inconsistent medication compliance or lack of treatment.

The ALJ committed a somewhat different error if she meant that Dr. Canty's opinions were inconsistent with his finding of no significant mental status abnormalities at a time when plaintiff was taking no medication. First, Dr. Canty did not characterize his mental status results as insignificant. AR 524-25. Some findings appear to have been normal (for example, plaintiff was oriented to the day, date, month and year) and others reflect impairment that Dr. Canty incorporated into his Functional Assessment and Medical Source Statement (inability to calculate simple sums). AR 525, 526. The ALJ is not qualified to opine that the mental status observations are inconsistent with the limitations identified by the doctor, and she identified no specific inconsistencies. Moreover, the Ninth Circuit has emphasized that the waxing and waning of mental health symptoms is not inconsistent with disability. See Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014) ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.")

For all these reasons, the ALJ failed to provide clear, specific and legitimate reasons for rejecting Dr. Canty's opinion. The court finds reversal on this point is warranted.

### 2. Opinion of Ms. Estes

Tracie Estes, a licensed clinical social worker, examined plaintiff on October 3, 2013. Ms. Estes described plaintiff's behavior as "agitated" and observed plaintiff's mood as "anxious, irritable, and depressed." AR 587. She described plaintiff's attitude as "cooperative" and his "affect" as "appropriate," and diagnosed plaintiff with "major depression, recurrent" and "generalized anxiety disorder." AR 587-588. She noted the existence of sleeping problems with plaintiff averaging four hours of sleep per night. AR 586. Ms. Estes provided a "Medical Information Disclosure Form" to the "Sac County Welfare Dept." based on her evaluation, stating that plaintiff "has been ill and unable to work from October 3, 2013 through October 3, 2014." AR 564. Ms. Estes also assessed a GAF score of 51. AR 588.

The ALJ opined that because Ms. Estes was not an acceptable medical source, her opinion was not entitled to "controlling weight." AR 29. The ALJ gave the following three reasons for giving "minimal weight" to Ms. Estes' opinion: (1) "it contains no basis in the opinion nor the medical record, reflecting the sole mental health appointment being the date of Ms. Estes' opinion;" (2) "the claimant did not seek mental health treatment beyond the single appointment on October 3, 2013;" and (3) plaintiff "did not have significant mental status findings throughout the record." AR 29.

Plaintiff seems to argue that because Ms. Estes is a "highly qualified mental health professional," the ALJ was required to provide specific and legitimate reasons for rejecting her opinion. ECF No. 14 at 15-16. That is incorrect. Mental health counselors and social workers are not "acceptable medical sources" within the meaning of 20 C.F.R. § 404.1513(a); they are "other sources" under 20 C.F.R. § 404.1513(d), and the ALJ may disregard their testimony if she "gives reasons germane to each witness for doing so." Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1223–24 (9th Cir. 2010). Here, the ALJ considered the opinion of Ms. Este and gave it reduced weight. However, the court finds the ALJ's reasons deficient. First, the ALJ failed to specify the inconsistency between Ms. Estes' evaluation and her own treatment notes or the medical record, and no inconsistency is apparent. Moreover, as noted above, plaintiff was found positive for depression two times in 2014 after seeing Ms. Estes. See AR 618-619, 636. There is substantial evidence of plaintiff's mental impairments. Accordingly, the ALJ erred in her consideration of Ms. Estes' opinion.

B. Harmless Error Analysis

The ALJ erred in rejecting the opinions of Dr. Canty and Ms. Estes, and that error was not harmless. Accordingly, the court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" Treichler, 775 F.3d at 1099. "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2000).

////

11

More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. Benecke, 379 F.3d at 593 (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000)).

Under the second step in the remand analysis,[6] the court must "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2016) (quoting Treichler, 775 F.3d at 1101). Under the third step in this analysis, the court should remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (internal quotation marks omitted).

In this case, if Dr. Canty's opinion is credited as true, plaintiff would necessarily be found disabled under the applicable regulations. Specifically, Dr. Canty opined that plaintiff's "irritability would significantly interfere with his ability to conduct himself professionally with coworkers and supervisors for more than a few minutes at a time" and that although plaintiff "could literally attend work," he could not "manage work for a full day." AR 526. When plaintiff's mental limitations, particularly as described by Dr. Canty, were put to the VE at the hearing, the VE testified that such limitations would "contribute to the inability to be in a competitive employment situation." AR 87-89. Because the VE found that no jobs were available to plaintiff under the hypothetical incorporating Dr. Canty's opinion, plaintiff is disabled under the Act.[7]

---

[6] The first step is satisfied for the reasons already explained.

[7] Because Ms. Estes' opinion failed to provide specific limitations and was not presented to the VE in a hypothetical, crediting it as true does not compel a finding of disability. Standing alone, the ALJ's erroneous rejection of the "other source" evidence would support no more than remand (continued…)

Where the above steps are satisfied, this court must exercise its discretion in determining whether to remand for further proceedings, or for the immediate calculation and award of benefits. Dominguez, 808 F.3d at 407 (if disability finding would necessarily follow if discredited evidence were credited as true, "the district court may exercise its discretion to remand the case for an award of benefits"). If, despite satisfying the above steps, the "record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act," the court should remand for further proceedings. Burrell, 775 F.3d at 1141 (quoting Garrison, 759 F.3d at 1021). However, the court would be "abus[ing] its discretion by remanding for further proceedings where the credit-as-true rule is satisfied and the record afforded no reason to believe that [the plaintiff] is not, in fact, disabled." Garrison, 759 F.3d at 1021.

Here, the record leaves no doubt that the plaintiff is disabled within the meaning of the Act. The VE was provided a hypothetical by plaintiff's attorney that included the limitations of plaintiff's irritability interfering with his ability to conduct himself professionally with coworkers and supervisors for more than a few minutes at a time and his inability to manage work for a full day. AR 87-89. Based on these hypotheticals, the VE concluded that plaintiff was unable to perform in a competitive employment situation. Accordingly, the court finds that plaintiff is disabled within the meaning of the Act and no further fact finding is necessary.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14), is GRANTED;
2. The Commissioner's cross-motion for summary judgment (ECF No. 20), is DENIED;
3. This matter is REVERSED and REMANDED to the Commissioner for an immediate award of benefits; and

////

////

_____
for further proceedings.

13

4. The Clerk of the Court shall enter judgment for the Plaintiff, and close this case.

DATED: March 27, 2018.

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE